IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:15CV3007 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WALMART, VALERIE KIMBLE, | ) | |
| NEOC investigator, PAULA | ) | |
| GARDNER, and BARB ALBERS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Samar Akins filed his complaint (Filing No. 1-1) in this case on January 14, 2015. This court has given him leave to proceed in forma pauperis. The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff named as defendants Walmart and three employees of the Nebraska Equal Opportunity Commission ("NEOC"), Valerie Kimble, Paula Gardner, and Barb Albers. He brought this action pursuant to 42 U.S.C. § 1983. (*See* Filing No. 1-1 at CM/ECF p. 1.) The court also construes his complaint to raise claims for relief under 42 U.S.C. § 1981 and Nebraska state law.

Plaintiff, a black male, described in his complaint an incident that occurred at Walmart between him and a white, female Walmart employee. He alleged he went to Walmart during the summer of 2014 to cash a check. While at Walmart, Plaintiff "complained to [the employee's] superiors that she needed help because too many people were waiting for assistance in the line and she was working by herself." (*Id.*) He then conversed "with a[n] African American woman about racism within America

and Walmart," and he did so in "the employee's presence." (*Id.* at CM/ECF p. 2.) When it was Plaintiff's turn to cash his check, the employee "became hostile and said the machine wouldn't allow her to cash [it]," though it worked properly for everyone in line before Plaintiff. Plaintiff called for a supervisor who was able to cash Plaintiff's check using the same machine. (*Id.*) Plaintiff asked the employee for her identification. The employee removed her badge and waived it in Plaintiff's face, hitting him in the nose. A Walmart supervisor advised Plaintiff the employee would be disciplined. (*Id.*)

Plaintiff filed a police report concerning the incident, and he also filed a complaint with the NEOC. (*Id.*) Kimble, an NEOC investigator, refused to contact witnesses and refused to ascertain the manner in which the employee was disciplined. (*Id.* at CM/ECF p. 3.) Plaintiff complained about Kimble's failure to investigate to Kimble's superiors, Gardner and Albers, and both "refused to act." (*Id.*) Ultimately, the NEOC found "no reasonable cause of discrimination." (*Id.* at CM/ECF p. 1.)

For relief in this case, Plaintiff seeks damages in the amount of $20,000 from each defendant, and an additional $50,000 from Walmart.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A.  Claims Against NEOC Defendants**

The initial question presented is whether the Eleventh Amendment bars Plaintiff's claims against the state-official defendants. The court assumes Plaintiff sued the state-official defendants—Kimble, Gardner, and Albers—in their official capacities.[1]

---

[1] Plaintiff did not specify the capacity in which the defendants are sued. Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in

The Eleventh Amendment to the United States Constitution bars suits against state officials sued in their official capacities, since these are regarded as another form of claims against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). An exception to this immunity was recognized by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), which permits prospective injunctive relief against state officials for ongoing federal law violations. This exception does not apply to cases involving claims for purely retrospective relief. *Green v. Mansour*, 474 U.S. 64 (1985).

Plaintiff seeks solely monetary relief against the NEOC Defendants for alleged past violations of federal law. Because Plaintiff's complaint contains no allegations of a continuing violation of federal law and seeks no prospective, injunctive relief, the court finds Plaintiff's claims against the NEOC Defendants in their official capacities are barred by the Eleventh Amendment.

**B.     Claims Against Walmart**

**1.     42 U.S.C. § 1983**

Plaintiff seeks relief under 42 U.S.C. § 1983. Here, the question is whether Walmart is a state actor subject to suit under section 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged

---

his individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

4

deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff did not allege any state action on the part of Walmart or any of its employees. Therefore, the court finds Plaintiff did not state a claim upon which relief may be granted against Walmart under section 1983.

### 2. 42 U.S.C. § 1981

Plaintiff's complaint could be construed to raise a claim for relief under 42 U.S.C. § 1981. Here, the court must consider whether Walmart violated Plaintiff's "right-to-contract."

In pertinent part, section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory *to make and enforce contracts*." 42 U.S.C. § 1981(a) (emphasis added). The language, "make and enforce contracts," includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Section 1981's purpose is to "prohibit discrimination in the 'performance, modification and termination of contracts' and to protect 'the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.'" *Williams v. Lindenwood Univ.*, 288 F.3d 349, 355 (8th Cir. 2002) (quoting 42 U.S.C. § 1981(b)).

The court looks to the elements of a prima facie claim of racial discrimination under section 1981 to analyze whether Plaintiff's complaint states a plausible claim for relief. The court considers whether: "(1) he is a member of a racial minority, (2) the defendant intended to discriminate against him on the basis of race, and (3) the

discrimination concerned an area enumerated by the statute." *Williams*, 288 F.3d at 355.

Here, Plaintiff complains about the actions of one Walmart employee, not about Walmart or its policies. The court questions whether Walmart may be held liable under section 1981 for the allegedly discriminatory actions of one of its employees under a theory of respondeat superior. Liability under section 1981 "requires a showing of intentional discrimination, which is seemingly incompatible with respondeat superior principles." *See Daniels v. Dillard's, Inc.*, 373 F.3d 885, 888, n.4 (8th Cir. 2004) (citation omitted) (questioning whether Dillard's could be held liable under section 1981 for the allegedly discriminatory actions of an unidentified sales clerk, but leaving resolution of the question "to another day").

Turning now to a discussion of the prima facie elements of discrimination under section 1981, Plaintiff is a member of a racial minority. Thus, the first element is met. As to the second element, discriminatory intent, there are no allegations suggesting Walmart intended to discriminate against Plaintiff on the basis of race. The only factual allegation pertaining to race is Plaintiff's allegation that he held a conversation in the Walmart employee's presence about "racism within America and Walmart." Plaintiff did not allege the employee's actions subsequent to this conversation were motivated by Plaintiff's race. Indeed, Plaintiff specifically alleged that "he was denied service . . . *because* he complained to her superiors that she needed help because too many people were waiting for assistance in the line." (*See* Filing No. 1-1 at CM/ECF p. 1 (emphasis added).) Thus, even assuming Walmart could be held liable solely for the actions of one of its employees under section 1981, Plaintiff did not allege facts suggesting the employee refused to serve Plaintiff because of his race.

Having found that Plaintiff did not allege facts to suggest discriminatory intent, this court will not address the third element, interference with the right to make and enforce contracts. Specifically, the court does not reach the question of whether

6

Plaintiff sufficiently alleged he had a contractual interest protected by section 1981 or whether he sufficiently alleged an actionable interference with his ability to contract. *See* [Gregory v. Dillard's, Inc., 565 F.3d 464, 470 (8th Cir. 2009)](#) ("To show protected activity, the third element, a plaintiff alleging interference with the creation of a contractual relationship in the retail context must demonstrate that he or she actively sought to enter into a contract with the retailer, and made a tangible attempt to contract.") (internal quotation omitted).

On the court's own motion, Plaintiff will be given an opportunity to file an amended complaint that states a claim upon which relief may be granted. The court will dismiss this case without further notice if Plaintiff fails to file an amended complaint within the period of time specified below.

IT IS THEREFORE ORDERED that:

1. Plaintiff must file an amended complaint within 30 days that states a claim upon which relief may be granted. The court will dismiss this case without further notice if Plaintiff fails to file an amended complaint in accordance with this order.

2. The clerk of the court is directed to set the following pro se case management deadline: June 22, 2015: check for amended complaint; dismiss if none filed.

3. Pending the filing of an amended complaint, the court makes no finding with respect to its jurisdiction over any state-law claims raised by Plaintiff.

DATED this 26th day of May, 2015.

> BY THE COURT:
>
> *s/ John M. Gerrard*
> United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.